IN RE DISQUALIFICATION OF NUGENT.

STATE v. JUREK.

[Cite as *In re Disqualification of Nugent* (1987), 74 Ohio St.3d 1212.]

(No. 87–AP–084—Decided October 5, 1987.)

MOYER, C.J.   The affidavit of disqualification filed in the above-captioned matter alleges several grounds for the disqualification of Judge Donald C. Nugent which are legally and factually insufficient to sustain a finding of bias, prejudice, or partiality.

A remaining argument is that Judge Nugent should be removed to avoid the appearance of impropriety, because of his prior association with the county prosecutor's office.   The record indicates that prior to assuming the bench in 1985, Judge Nugent was an assistant county prosecutor.   The record further reflects that this case will be tried by two assistant prosecutors who were so employed during Judge Nugent's tenure in that office.   The argument is then made that Judge Nugent's former employment by the prosecutorial office renders him unqualified to preside in a criminal matter prosecuted by former co-workers.

The prior employment of Judge Nugent is not grounds for disqualification in a case where (1) he has not been employed by the prosecutor's office in more than three years, (2) there is no evidence of any disqualifying relationship between Judge Nugent and the individual prosecutors, and (3) there is no suggestion that during his employment Judge Nugent had any significant contact with the defendant or exposure to the matters at issue in this proceeding.   A different conclusion might be reached if, for example, Judge Nugent was a former colleague of the defendant instead of the prosecuting attorneys.

I conclude that a reasonable person would have no cause to suspect any partiality in the trial of this matter, and therefore the removal of Judge Nugent is not required to satisfy the appearance of propriety.

For these reasons, the affidavit of disqualification is found not well taken and is hereby ordered dismissed.